WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kabir elohim Isreal, | No. CV-24-02712-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff brings this case pro se. He filed his initial complaint on October 8, 2024. (Doc. 1.) The case was referred to Magistrate Judge James F. Metcalf. (Doc. 2.) Plaintiff filed an amended complaint on November 4, 2024, naming as Defendants the City of Mesa and various police officers. (Doc. 5.) The City filed an answer on November 20, 2024. (Doc. 7.)

On December 5, 2024, Magistrate Judge Metcalf issued an initial scheduling order that, among other things, directed the parties to confer and file a *joint* case management report by January 16, 2025. (Doc. 9.) On that deadline, Defendants submitted a unilateral report, which indicated that it was prepared with Plaintiff's input but Plaintiff did not respond when the final version was submitted to him for approval. (Doc. 13.) Magistrate Judge Metcalf noted that Plaintiff's failure to cooperate in the provision of a joint report appeared to be a failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. 14.) He therefore struck the unilateral report and gave Plaintiff 14 days to show cause in

writing why his case should not be dismissed for failure to prosecute. (*Id.*)

Plaintiff did not comply with Magistrate Judge Metcalf's order. He failed to respond to the order to show cause within the deadline he was given. Accordingly, on February 10, 2025, Magistrate Judge Metcalf issued a report and recommendation ("R&R") recommending that the Court dismiss Plaintiff's case without prejudice as a sanction for his failure to prosecute. (Doc. 15.) The R&R advised the parties that they had 14 days in which to file specific written objection (if any) with the Court. (*Id.* at 15.)

On February 14, 2025, Plaintiff filed a document titled "Response to Order to Show Cause." (Doc. 16.) The Court liberally construes this filing as an objection to Magistrate Judge Metcalf's R&R. *See Caldwell v. Navy Federal Credit Union*, No. SACV 22-01859-CJC (ADSx), 2023 WL 3150074, at *1 (C.D. Cal. Feb. 3, 2023) ("Pro se pleadings are to be liberally construed in the Ninth Circuit."). Defendants responded to Plaintiff's objection on February 27, 2025. (Doc. 18.) Since then, Plaintiff has filed a flurry of other motions, notwithstanding the fact that an R&R recommending the dismissal of his case remains pending. (*See* Docs. 27, 35, 36, 37, 54, 55, 56, 57, 58, 59, 63, 64, 65, 66.)

The Court has considered Plaintiff's objection and Defendant's response and has reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court begins with two observations. First, in his objection, Plaintiff blames his failure to sign on to a joint case management report on "an oversight in coordination and communication between the parties." (Doc. 16 at 1.) But Plaintiff fails to explain why he did not respond to Magistrate Judge Metcalf's order to show cause within the deadline Magistrate Judge Metcalf imposed. Second, Magistrate Judge Metcalf's recommendation was correct at the time it was issued: Plaintiff failed to submit a *joint* case management report and, more egregiously, he inexplicably failed to timely respond to an order to show cause. "Under Federal Rule of Civil Procedure 41(b), a district court may impose sanctions, including involuntary dismissal of a plaintiff's case, where that plaintiff fails to comply with the court's orders, the Federal Rules, or the court's local rules." *McGee v. Mansfield*, No. 2:21-cv-2216-KJM-KJN PS, 2022 WL 4237910, at *2 (E.D. Cal. Sep. 14, 2022).

Nevertheless, given Plaintiff's pro se status, his stated "commitment to adhering to all procedural requirements and court orders," (Doc. 16 a 2), the fact that he is present and now is actively attempting to litigate his case, and the strong public policy favoring resolution of cases on their merits, the Court will in the interests of justice reject Magistrate Judge Metcalf's R&R and not dismiss this case for failure to prosecute. However, pro se litigants, like all litigants, are bound to follow court orders and the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). On October 8, 2024, the Court issued to Plaintiff a notice that, among other things, directs him to the Handbook for Self-Represented Litigants (available on the Court's website) and the Federal and Local Rules of Civil Procedure. (Doc. 3.) Plaintiff should consult these resources, and he must carefully review any orders this Court issues and comply with them. If Plaintiff continues to not comply with the Court's orders moving forward, he may face sanctions, including the dismissal of his case.

**IT IS ORDERED** that Magistrate Judge Metcalf's R&R (Doc. 15) is **NOT ACCEPTED.**

**IT IS FURTHER ORDERED** that, in accordance with the notice of assignment issued on October 8, 2024 (Doc. 2), this matter is again referred to Magistrate Judge Metcalf and the Court's Legal Staff.

Dated this 3rd day of June, 2025.

_____
Douglas L. Rayes
Senior United States District Judge