**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kabir elohim Isreal,

        Plaintiff,

v.

State of Arizona, et al.,

        Defendants.

No. CV-24-02712-PHX-DLR

**ORDER**

Before the Court are the following:

1. The Report and Recommendation ("R&R") of Magistrate Judge Metcalf recommending that the Court dismiss Defendants State of Arizona and Officers Papale, Armstrong, Barrera-Diaz, Wilcox, Lopez, Ibarra, Roselli, Liniger, Knueppel, Tarango, Perez-Cortex, Parada, and Gerbich without prejudice due to Plaintiff's failure to serve them. (Doc. 107.)

2. Plaintiff's motion asking for reassignment of this case to the undersigned. (Doc. 113.)

3. Plaintiff's motion asking the Court to "recognize and preserve all previously stated claims against the voluntarily dismissed parties under the 'relation-back' doctrine of Rule 15(c)(1)[.]" (Doc. 121.)

4. The R&R recommending that Plaintiff's motion to stay this case on certain terms dictated by him (Doc. 109) be denied, that this case nonetheless be stayed

pending the completion of Plaintiff's criminal prosecution in Maricopa County Superior Court, and that Defendant's second motion for sanctions (Doc. 131) be denied without prejudice to it being reasserted following termination of the stay. (Doc. 144.)

5. The R&R recommending that this case be dismissed without prejudice due to Plaintiff's failure to prosecute. (Doc. 147.)

For reasons explained below, the Court will (1) adopt the R&R regarding the dismissal of certain defendants for lack of service, (2) deny Plaintiff's motion for reassignment of his case, (3) deny Plaintiff's motion asking the Court to render an advisory opinion about whether the relation-back doctrine would govern hypothetical future amendments to his complaint, (4) adopt the R&R regarding Plaintiff's motion for a stay and Defendant's second motion for sanctions, and (5) not adopt the R&R recommending that this case be dismissed due to Plaintiff's failure to prosecute.

## I.   Dismissal of unserved defendants (Doc. 107)

The R&R recommends that the Court dismiss Defendants State of Arizona and Officers Papale, Armstrong, Barrera-Diaz, Wilcox, Lopez, Ibarra, Roselli, Liniger, Knueppel, Tarango, Perez-Cortex, Parada, and Gerbich because Plaintiff did not serve them. The Court will not adopt the R&R with respect to Defendants State of Arizona and Officers Barrera-Diaz, Wilcox, Ibarra, Liniger, Knueppel, Tarango, Perez-Cortex, Parada, and Gerbich because Plaintiff has since voluntarily dismissed his claims against those defendants. (Doc. 120.) The R&R therefore is moot as to them.

Regarding the remaining unserved defendants, Plaintiff objects on three grounds. First, he claims Officers Lopez, Armstrong, and Roselli should not be dismissed because they "have received actual notice via represented by counsel for the City of Mesa." (Doc. 122 at 1.) Second, he contends that his failure to serve "was due in part to overlapping deadlines, multiple active motions, and pending court decisions on protective orders and evidence issues." (*Id.*) Third, he argues that service on the Mesa Police Chief Ken Cost

constitutes adequate service on "the intended officers under his command." (*Id.* at 2.) Plaintiff's objections are overruled.

First, Federal Rule of Civil Procedure 4 requires Plaintiff to serve each of the defendants he has named. Indeed, the Court advised Plaintiff of his service obligations in an order dated December 4, 2024. (Doc. 8 at 3 ("Plaintiff must either serve each unserved Defendant or seek a waiver of service for each Defendant.").) Service on the City of Mesa does not constitute service on Officers Lopez, Armstrong, and Roselli.

Second, Plaintiff has not shown that his failure to serve was the result of excusable neglect. Plaintiff vaguely claims that his failure to serve was due to "overlapping deadlines," and various pending motions, but he fails to explain how any of these other motions or deadlines impacted his service obligations or efforts. To the contrary, the Court advised Plaintiff of his service obligations, the relevant service deadlines, and the consequences of failing to timely serve. (Doc. 8.) What's more, as reflected in the R&R, Plaintiff "has not sought summonses or made any other identifiable effort to complete service on these defendants," nor did he respond to the Court's order directing him to show cause why these defendants should not be dismissed for lack of service. (Doc. 107 at 1.) This history shows an inexcusable lack of diligence on Plaintiff's part.

Finally, it is of no moment that Plaintiff allegedly served Chief Cost.[1] Chief Cost is not a defendant in this action, and he does not have authority to accept service on behalf of other unnamed defendants simply because he is their supervisor. *See Drake v. City of Eloy*, No. CV-14-00670-PHX-DGC, 2014 WL 3421038, at *2 (D. Ariz. July 14, 2014).

For these reasons, Plaintiff's objections are overruled, and the Court adopts the R&R as it pertains to Officers Papale, Lopez, Armstrong, and Roselli, who shall be dismissed without prejudice pursuant to Rule 4(m).

## II.    Reassignment (Doc. 113)

Plaintiff has filed a "Motion to Remove Referral to Magistrate Judge and Reassign to Presiding District Judge." (Doc. 113.) In that motion, Platiniff argues that his case should

---

[1] As Defendant notes, "it is impossible for Plaintiff to have served Chief Cost because . . . a summons has never been issued in this case." (Doc. 125 at 2.)

be reassigned because (1) he did not consent under Federal Rule of Civil Procedure 73(b)(1) to have his case presided over by a magistrate judge and (2) Magistrate Judge Metcalf is biased against him and in favor of Defendants. (*Id.* at 1-2.) Magistrate Judge Metcalf liberally construed Plaintiff's motion as including both a request to terminate the referral to a magistrate judge (which must be addressed by the undersigned) and a request that Magistrate Judge Metcalf recuse pursuant to 28 U.S.C. § 455 (which Magistrate Judge Metcalf would address). (Doc. 119.)

Magistrate Judge Metcalf denied Plaintiff's motion to the extent it sought recusal. (Doc. 141.) In that order, Magistrate Judge Metcalf explained (correctly) that he had not been assigned to "preside" over Plaintiff's case. Instead, the presiding district judge had referred the case to him for all non-dispositive pretrial proceedings under 28 U.S.C. § 636(b)(1). (Doc. 8.) Plaintiff's consent is not required for such referrals, and Plaintiff identifies no instance in which Magistrate Judge Metcalf exceeded the scope of the referral by ruling on a dispositive matter (as opposed to submitting recommendations on dispositive matters for the presiding district judge to consider). Magistrate Judge Metcalf also thoroughly addressed and rejected Plaintiff's accusations of bias. Though Plaintiff might be dissatisfied with some of Magistrate Judge Metcalf's rulings and recommendations, adverse rulings alone are insufficient to demonstrate judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Against this backdrop, the Court finds no basis for withdrawing the reference to Magistrate Judge Metcalf. Plaintiff's motion to remove the reference (Doc. 113) is denied, and this matter remains referred to Magistrate Judge Metcalf for all pretrial proceedings as authorized under § 636(b)(1).

### III. Relation back (Doc. 121)

As previously noted, Plaintiff voluntarily dismissed without prejudice his claims against Defendants State of Arizona and Officers Barrera-Diaz, Wilcox, Ibarra, Liniger, Knueppel, Tarango, Perez-Cortex, Parada, and Gerbich. (Doc. 120.) Separately, Plaintiff filed a motion titled "Motion to Preserve Claims Under Rule 15 Relation-Back Doctrine,"

which, at bottom, asks the Court to issue an advisory ruling that if Plaintiff chooses at some future point to amend his complaint in this case to reassert claims against the voluntarily dismissed defendants, those amendments will relate back to the date of his original complaint for statute of limitations purposes. (Doc. 121.) This motion is denied because it is not appropriate for the Court to issue advisory opinions on hypothetical future scenarios. If Plaintiff one day amends his complaint to reassert claims against any of the voluntarily dismissed defendants, and if in response those defendants assert a statute of limitations defense, the Court can address the relation-back doctrine at that point. But unless and until that occurs, it is premature for the Court to opine whether any hypothetical statute of limitations defense would be successful. Plaintiff's motion for such a ruling is denied.

## IV.    Stay (Doc. 144)

In this case, Plaintiff brings various civil rights claims arising out of a traffic stop. According to the parties' case management report, Plaintiff is currently being prosecuted for weapons misconduct and driving under the influence arising from the same facts. Accordingly, Magistrate Judge Metcalf ordered the parties to show cause why this case should not be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) or stayed under *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. 85.) Defendant responded by affirming that Plaintiff's criminal prosecution in Maricopa County Superior Court is ongoing and that this matter should be stayed until that prosecution concludes. (Doc. 97.) Plaintiff did not respond to the order to show cause. Instead, he filed a motion requesting that his case be stayed pending the disposition of the state court criminal proceedings, but also insisting on various conditions to the stay, such as granting him unilateral authority to terminate it. (Doc. 109.)

Magistrate Judge Metcalf has issued an R&R recommending that the Court (1) deny Plaintiff's motion to stay to the extent it seeks to impose various conditions on the stay, (2) *sua sponte* stay this case pending the outcome of Plaintiff's state court criminal case, (3) rule on Plaintiff's motion for reassignment, motion regarding the relation-back doctrine, and the R&R regarding unserved defendants, and (4) deny Defendant's sanctions motion

without prejudice to Defendant reasserting the motion, if appropriate, after the stay is lifted. (Doc. 144.)

Plaintiff has filed an objection to the R&R (Doc. 148), but as the Court understands the objection, Plaintiff does not oppose the recommendations. Plaintiff agrees that this matter should be stayed. He also withdraws his request for unilateral authority to terminate the stay. Finally, he does not oppose the recommendation that the Court rule on his motion for reassignment, motion regarding the relation-back doctrine, and objections to the R&R regarding the underserved defendants. He just asks the Court to rule in his favor.

As explained above, the Court adopts the R&R regarding dismissal of the unserved defendants, denies Plaintiff's motion for reassignment, and denies Plaintiff's motion regarding the relation-back doctrine. With those issues resolved, all that remains is the issue of the stay—an issue upon which all parties agree. Accordingly, the Court will adopt the R&R and stay this case pending the completion of Plaintiff's criminal prosecution in Maricopa County Superior Court Cause No. CR 2024-006869.

## V.    Dismissal for failure to prosecute (Doc. 147)

On August 11, 2025, mail from the Clerk of the Court to Plaintiff was returned undeliverable, reflecting that Plaintiff was "NOT KNOWN." In the Notice to Self-Represented Litigant issued October 8, 2024, Plaintiff was cautioned: "You must immediately notify the Court of any change of address. Local Rule of Civil Procedure 83.3(d)." (Doc. 3 at 5.) Plaintiff has not filed a notice of change of address. Accordingly, Magistrate Judge Metcalf issued an order directing Plaintiff to either file a notice of change of address or a response showing cause why the case should not be dismissed for failure to prosecute. (Doc. 146.) Plaintiff failed to do either by the deadline provided, even though the record showed that Plaintiff's copy of the order to show cause had not been returned as undeliverable. Given Plaintiff's failure to respond, Magistrate Judge Metcalf has recommended dismissal without prejudice for failure to prosecute. (Doc. 147.)

Plaintiff subsequently filed a document titled "Reply in Support of Motion to Stay Proceedings and Remove Referral to Magistrate Judge" (Doc. 151), which the Court

liberally construes, in part, as an objection to the R&R. In the objection, Plaintiff affirms that his address has not changed, that the isolated returned-mail issue must have been a clerical postal error not attributable to him, that he has received all subsequent documents, and that he has every intention of prosecuting this case.

Given Plaintiff's assertions that his address has not changed and that he intends to prosecute his case, the Court will not adopt the R&R. However, to date Plaintiff has demonstrated a pattern of ignoring orders to show cause issued by Magistrate Judge Metcalf, only to later object when orders or R&Rs are unfavorable to him. Indeed, the undersigned previously admonished Plaintiff about this very issued when it denied an earlier R&R recommending dismissal due to Plaintiff's failure to respond to an order to show cause. (Doc. 74.) The undersigned warned Plaintiff that if he "continues to not comply with the Court's orders moving forward, he may face sanctions, including the dismissal of his case." (*Id.* at 3.)

This pattern must stop. Plaintiff once again is advised he must carefully review any orders this Court issues and comply with them. This includes orders to show cause. If this Court issues an order to show cause, Plaintiff must respond to it. He cannot ignore it and complain later when adverse consequences flow from his failure to comply. Plaintiff may face sanctions, including the dismissal of his case, for failure to comply with Court orders. What's more, if this pattern continues, it will be harder for this Court to find that Plaintiff's failures are excusable, increasing the likelihood that a dismissal sanction will issue.

**IT IS ORDERED** that R&R recommending dismissal of certain unserved defendants (Doc. 107) is **ADOPTED IN PART**. The claims against Officers Papale, Lopez, Armstrong, and Roselli are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m).

**IT IS FURTHER ORDERED** that Plaintiff's motion for reassignment (Doc. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion regarding the relation-back doctrine (Doc. 121) is **DENIED**.

**IT IS FURTHER ORDERED** that the R&R at Doc. 144 is **ACCEPTED** as follows:

1. Plaintiff's motion to stay, subject to various conditions, (Doc. 109) is **DENIED**.

2. This matter nonetheless is **STAYED** pending the completion of Plaintiff's criminal prosecution in Maricopa County Superior Court Cause No. CR 2024-006869, as follows:

   a. The unexpired deadlines under the Preliminary Scheduling Order are **VACATED** to be reset by further order, including the deadline for settlement discussions and a report thereon, completion of the deposition of Plaintiff, completion of discovery by service of supplemental disclosures and responses to discovery, discovery motions, dispositive motions, and final preliminary motions.

   b. Any unexpired deadlines for service of responses to discovery are **VACATED**.

   c. The service of further discovery requests is **STAYED**.

   d. The filing of motions without leave of court, other than motions to terminate this stay, is **STAYED**.

3. Defendant shall file on or before the first day of every calendar quarter a status report advising the Court of the status of Plaintiff's criminal proceeding in Maricopa County Superior Court Cause No. CR 2024-006869.

4. The parties shall jointly file with the Court a notice of completion of Plaintiff's criminal prosecution in Maricopa County Superior Court Cause No. CR 2024-006869, including the nature of the completion, within **30 days** of such completion.

5. Defendant's Second Motion for Sanctions (Doc. 131) is **DENIED WITHOUT PREJUDICE** to it being reasserted following termination of the stay.

6. Defendant's Motion to Amend Schedule (Doc. 143) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the R&R at Doc. 147 recommending dismissal of this case for Plaintiff's failure to prosecute is **NOT ACCEPTED**.

Dated this 23rd day of March, 2026.

_____
Douglas L. Rayes
Senior United States District Judge